IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDRE DUHREAL FLAGG-EL, <br> AIS NO. 310705, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | CASE NO. 1:21-CV-767-WHA-KFP |
| W.G. JONES, et al., | ) <br> ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Ventress Correctional Facility, filed this pro se 42 U.S.C. § 1983 action on November 12, 2021. On January 7, 2022, the Court ordered Plaintiff to pay an initial partial filing fee in the amount of $23.33 by January 28, 2022, and the Court warned Plaintiff that a failure to comply would result in dismissal. Doc. 5. Plaintiff has not complied with or otherwise responded to the Court's Order, and the time for doing so has expired.

Because of this failure to comply, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion when a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve

the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

Further, it is ORDERED that on or before **March 29, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of March, 2022.

                                              /s/ Kelly Fitzgerald Pate
                                              KELLY FITZGERALD PATE
                                              UNITED STATES MAGISTRATE JUDGE